UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> KELLEY DRYE & WARREN, LLP, ) <br> ) <br> Defendant. ) <br> _____) | ECF Case <br> CIVIL ACTION NO. <br><br> COMPLAINT AND <br> JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act ("ADEA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of age, as well as retaliation, by Defendant Kelley Drye & Warren, LLP (hereafter "Kelley Drye" or "Defendant"), and to make whole Eugene T. D'Ablemont, Esq. ("D'Ablemont") and a class of similarly situated employees of Kelley Drye affected by its discriminatory practices. As alleged in greater detail in paragraph 7 below, Defendant subjected D'Ablemont and the class of similarly situated employees at the Defendant law firm to discrimination on the basis of age that included, but was not limited to, creating a compensation system whereby D'Ablemont and other attorneys who chose to continue to work once they reached the age of 70 have been and continue to be significantly undercompensated for work they performed solely on the basis of their age. Further, Defendant retaliated against D'Ablemont for complaining about such practices and filing a discrimination charge with Plaintiff Equal Employment Opportunity Commission ( the "Commission").

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Kelley Drye & Warren, LLP has continuously been a New York limited partnership doing business in the State of New York, and has continuously had at least 15 employees.

5. At all relevant times, Kelley Drye & Warren, LLP has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6.     Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.     Since at least 2001, Defendant has engaged in unlawful employment practices in violation of the ADEA. These practices included, but are not limited to, the following:

   a.    Defendant has operated under a Partnership Agreement that requires all attorneys who reach the age of 70 and wish to continue to practice law to give up any equity interest they may have with Defendant; relinquish their authority to manage or significantly influence the firm; and be compensated for their work performed solely on the basis of an annual "bonus" payment that is wholly discretionary with Defendant's Executive Committee;

   b.    Under this compensation system, once reaching 70 years of age, D'Ablemont and the class of similarly situated attorneys who continued to practice law after turning 70 had to relinquish any equity interest they had with the firm and have received compensation from Defendant that is significantly less than that paid to younger attorneys in the firm with similar client collections, billings, and other measures of productivity;

   c)    In 2008, subsequent to his filing his ADEA charge with the Commission, Defendant's annual "bonus" payment to D'Ablemont was reduced from $75,000 to $25,000, even though his collections and other measures of productivity were

3

similar to those in previous years, in retaliation for his complaining about Defendant's discriminatory compensation system and his filing of his charge with the Commission.

8. The effect of the practices complained of in paragraph 7 above has been to deprive D'Ablemont and the class of similarly situated attorneys employed by Defendant who are over 70 years of age of equal employment opportunities and otherwise adversely affect their status as employees because of their age.

9. Defendant's unlawful employment practices complained of in paragraph 7 above were and are intentional.

10. Defendant's unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of D'Ablemont and the class of similarly situated attorneys employed by Defendant who are over 70 years of age.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices which discriminate on the basis of age.

B. Order Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities for employees 40 years of age and older, and which eradicate the effects of Defendant's past and present unlawful employment practices.

C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully withheld as a result of the acts complained of above in paragraph 7, including, but not limited to, D'Ablemont and all other individuals affected by the unlawful employment practices described above.

D. Order Defendant to make whole those individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including D'Ablemont and all other individuals affected by the unlawful practices described above, by restraining the continued withholding of amounts owing as back wages with prejudgment interest, in amounts to be determined at trial.

E. Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effect of its unlawful practices.

F. Order Defendant to provide compensation to D'Ablemont for non-pecuniary losses, including pain, suffering, and humiliation resulting from Defendant's retaliatory conduct set forth in paragraph 7(c), in amounts to be determined at trial.

G. Order Defendant to pay D'Ablemont punitive damages for Defendant's malicious and reckless retaliatory conduct set forth in paragraph 7(c) above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: January 28, 2010

Respectfully submitted,

James Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M St., N.E.
Washington, D.C.  20507

Elizabeth Grossman
Regional Attorney
elizabeth.grossman@eeoc.gov

Judy Keenan
Supervisory Trial Attorney
judy.keenan@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall St., 5th Floor
New York, NY 10004-2112

Jeffrey Burstein
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Newark Area Office
One Newark Center, 21st Floor
Newark, NJ 07102
Tel: (973) 645-2267
Fax: (973) 645-4524
jeffrey.burstein@eeoc.gov