PROSKAUER ROSE LLP
Bettina B. Plevan
Joseph C. O'Keefe
1585 Broadway
New York, NY 10036-8299
Tel:  212.969.3000
Fax:  212.969.2900
bplevan@proskauer.com
jokeefe@proskauer.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY :
COMMISSION,                   :
                              :
        Plaintiff,            :     10-CIV-0655 (LTS)
                              :
        v.                    :
                              :
KELLEY DRYE & WARREN LLP      :     **ECF CASE**
                              :
                              :     **ANSWER**
                              :
        Defendant             :
                              :
-----------------------------------------------------x

Defendant Kelley Drye & Warren LLP ("Kelley Drye") by its attorneys, Proskauer Rose LLP, hereby answers the Complaint as follows:

Denies the allegations contained in the first unnumbered paragraph of the Complaint, except admits that the Complaint purports to set forth claims under the Age Discrimination in Employment Act ("ADEA") and Title I of the Civil Rights Act of 1991.

1. Denies the allegations contained in paragraph 1 of the Complaint, except admits that this is a civil action purportedly brought pursuant to the statutes cited therein and that the Equal Employment Opportunity Commission ("EEOC") purports to invoke the jurisdiction of this Court under the statutes cited therein.

2. Denies the allegations contained in paragraph 2 of the Complaint, except admits that the Complaint purports to allege facts relating to events occurring within the Southern District of New York.

3. The allegations in paragraph 3 of the Complaint set forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 3 of the Complaint and refers to the statutory provisions for its terms and conditions.

4. Admits that Kelley Drye is a New York Limited Liability Partnership, that Kelley Drye does business in the State of New York, and that Kelley Drye has at least 15 employees. Denies the remaining allegations in paragraph 4 of the Complaint.

5. Admits the allegations in paragraph 5 of the Complaint.

6. Denies the allegations in paragraph 6 of the Complaint.

7. Denies the allegations contained in paragraphs 7, 7(a), 7(b), and 7(c) of the Complaint, and refers the Court to the Partnership Agreement referenced in paragraph 7(a) which speaks for itself.

8. Denies the allegations contained in paragraph 8 of the Complaint.

9. Denies the allegations contained in paragraph 9 of the Complaint.

10. Denies the allegations contained in paragraph 10 of the Complaint.

11. Denies that the EEOC and/or Eugene D'Ablemont and/or any other individual is entitled to any of the relief requested in the "Prayer for Relief" section of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

12. The Court lacks subject matter jurisdiction over the claims asserted because Eugene D'Ablemont and the individual(s) on whose behalf the EEOC allegedly seeks relief are

not and were not "employees" of Kelley Drye, and are not and were not covered or protected by the statutes under which the claims are asserted by the EEOC. Rather they are and were "employers" and Partners as demonstrated by, *inter alia*, their: a) being defined and referred to as Partners in the Firm's Partnership Agreement; b) participation in the adoption of the Life Partner provisions in the Kelley Drye Partnership agreement, and approval of those provisions; c) representations both internally, at Kelley Drye, and externally that they are Kelley Drye Partners; d) participation in firm elections, including the election of the Firm's Executive Committee, which manages the business, property, and affairs of the Partnership; e) participation in monthly Partnership meetings; f) access to financial and other confidential firm information; g) acceptance and publication of IRS forms K-1 reflecting annual income; h) supervision of Kelley Drye lawyers and staff; i) autonomous handling of client matters; and j) involvement in client billing.

## SECOND AFFIRMATIVE DEFENSE

13. Because there are no "similarly situated employees of Kelley Drye," and there are no "similarly situated attorneys," as those phrases are used in the Complaint, there is no "class of similarly situated employees," and the EEOC may not seek relief on behalf of such non-existent persons. In fact, every individual who has been approached by the EEOC to participate in this action has specifically rejected the EEOC's overtures. To the extent the Court concludes that any similarly situated employee or attorney exists, the following Affirmative Defenses would also apply to any such employee or attorney with equal force.

## THIRD AFFIRMATIVE DEFENSE

14. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

15. The EEOC's claims are barred, in whole or in part, by the applicable statutes of limitations and/or filing periods.

## FIFTH AFFIRMATIVE DEFENSE

16. To the extent any person on whose behalf the EEOC seeks relief, is or was an employee of Kelley Drye, the exemption applicable to "bona fide executive[s] or high policymaking employee[s]," under 29 U.S.C. § 631(c), applies.

## SIXTH AFFIRMATIVE DEFENSE

17. The EEOC's claims are barred, in whole or in part, because Eugene D'Ablemont suffered no tangible employment action in connection with any of the circumstances relevant to this lawsuit.

## SEVENTH AFFIRMATIVE DEFENSE

18. At all times, Defendant exercised reasonable care to prevent and correct promptly unlawful discriminatory behavior, if any; and Eugene D'Ablemont unreasonably failed to take advantage of the preventive and/or corrective opportunities provided by Defendant or to avoid harm otherwise.

## EIGHTH AFFIRMATIVE DEFENSE

19. Defendant's actions with respect to Eugene D'Ablemont were taken for legitimate, non-discriminatory, non-prohibited reasons and/or for good cause.

### NINTH AFFIRMATIVE DEFENSE

20. The claims contained in the Complaint are barred as to any matters not contained in the administrative charges of discrimination.

### TENTH AFFIRMATIVE DEFENSE

21. The claims are barred, in whole or in part, by the failure of the EEOC and D'Ablemont to satisfy the statutory and/or administrative prerequisites to the bringing of an action under the ADEA.

### ELEVENTH AFFIRMATIVE DEFENSE

22. The claims allegedly asserted on behalf of individual(s) other than D'Ablemont are barred, in whole or in part, because no administrative charges were filed relating thereto.

### TWELFTH AFFIRMATIVE DEFENSE

23. The EEOC failed to make reasonable efforts to conciliate with the Defendant before instituting this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

24. The EEOC's claims on behalf of Eugene D'Ablemont are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and unclean hands, due to the actions and/or inactions of the EEOC and/or Eugene D'Ablemont including, without limitation: a) failure to raise the allegations set forth in the complaint in a timely fashion; b) ratification of the provisions of the Kelley Drye Partnership Agreement; c) representations within Kelley Drye, to third parties, and to federal and state governmental authorities that he is a Kelley Drye Partner; d) D'Ablemont's representations within Kelley Drye that Life Partners should not be compensated in the same manner and amounts as other Partners; e) acceptance of Life Partner Payments and bonus payments; f) acceptance of support services and office space; g) acceptance of client development allowances; h) acceptance of payments from third party income sources, while also

soliciting and receiving bonuses from the Firm, contrary to the Firm's Partnership Agreement and directive of the Executive Committee; i) failing to answer the Firm's questions as to the precise services provided to, and amounts received from, these third parties; and/or j) acceptance of the various benefits and compliance with the requirements established by the Life Partner provisions of the Kelley Drye Partnership Agreement.

## FOURTEENTH AFFIRMATIVE DEFENSE

25.     D'Ablemont failed to make reasonable efforts to mitigate his damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

26.     D'Ablemont's compensation as a Life Partner has been entirely non-discriminatory, non-retaliatory and fair considering, *inter alia*: a) shortly after he became a Life Partner, he transferred to other Partners the billing credit for all of his matters and the billing responsibility for most of his matters; b) for certain of the clients he now purports to claim credit for, he does little, if anything, beyond the ministerial act of preparing and sending them a bill; c) during the last five years his billable hours have ranged from 195.4 to 324.2 hours per year, which is an average of 7 to 10 times less, annually, than the hours he billed prior to becoming a Life Partner; d) he has demanded and received tens of thousands of dollars of free legal services from Firm attorneys for himself and his relatives that he was not entitled to, representing that he and/or the relative would pay for these services and then objected to doing so; e) he has demanded and received client development allowances far in excess of what he is entitled to under the formula used for other Partners; f) he has received direct monetary payments from third parties, while also soliciting and receiving a bonus from the Firm, contrary to the Firm's Partnership Agreement and the directive of the Firm's Executive Committee, g) he has a history

of objectionable behavior inconsistent with the expectations for a Kelley Drye Partner; and h) the Firm's existing and anticipated level of business.

## SIXTEENTH AFFIRMATIVE DEFENSE

27.     Punitive damages are inappropriate because they are not available under the statutes that allegedly give rise to the claims asserted by the EEOC and/or Defendant's conduct did not rise to the level of culpability that would justify an award of such damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

28.     The EEOC's claim seeking recovery of punitive damages is in contravention of defendant's rights under each of the following provisions: (a) the Commerce Clause of Article I, Section 8 of the United States Constitution; (b) the Contracts Clause of Article I, Section 10 of the United States Constitution; (c) the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution; (d) the Equal Protection of the laws afforded by the Fourteenth Amendment to the United States Constitution; (e) the Constitutional prohibition against vague and overbroad laws; and (f) the corresponding state constitutional provisions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

29.     The EEOC cannot recover compensation for alleged "non-pecuniary losses" because any such losses are not compensable under the statutes which allegedly give rise to the claims asserted by the EEOC.

## NINETEENTH AFFIRMATIVE DEFENSE

30.     To the extent D'Ablemont is successful in recovering any damages, Kelley Drye is entitled to a setoff of, *inter alia*, the total amounts D'Ablemont has received from third parties for legal services he has provided to those third parties, as well as amounts D'Ablemont has received from the Firm, or owes the Firm, and all debts of D'Ablemont forgiven by the Firm.

WHEREFORE, Defendant requests that the Court enter judgment in favor of Defendant and dismiss the Complaint in its entirety, together with its attorneys' fees and costs and such other relief as the Court deems just and proper.

Dated: April 5, 2010
       New York, New York

                                        PROSKAUER ROSE LLP


                                  By:   /s/ Bettina B. Plevan
                                        Bettina B. Plevan
                                        Joseph C. O'Keefe
                                        1585 Broadway,
                                        New York, New York
                                        Phone: (212) 969-3000
                                        Fax: (212) 969-2900
                                        bplevan@proskauer.com
                                        jokeefe@proskauer.com
                                        Attorneys for Defendant