UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | ECF Case<br>Civil Action No. 10-cv-0655 (LTS) (MTD) |
| Plaintiff, | : : | |
| v. | : : | |
| KELLEY DRYE & WARREN, LLP, | : : : | |
| Defendant. | : | |

-------------------------------------------------------------x

**PLAINTIFF EEOC'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION UNDER FED. R. CIV. P. 12(f)
TO STRIKE CERTAIN AFFIRMATIVE DEFENSES**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION


Jeffrey Burstein
Senior Trial Attorney
One Newark Center, 21st Floor
Newark, NJ 07102
Email: jeffrey.burstein@eeoc.gov
Tel: (973) 645-2267
Fax: (973) 645-4524

## TABLE OF CONTENTS

<u>Page Number</u>

INTRODUCTION                                                                                  1


ARGUMENT:

THE COURT SHOULD STRIKE DEFENDANT'S NINE AFFIRMATIVE DEFENSES
THAT ARE INSUFFICIENT AS A MATTER OF LAW…………………………………    3

    A.    There is No Statute of Limitations Bar to
        this Action …………………………………………………………….......    3

    B.    EEOC is not limited to the Claims in the
        Administrative Charge, and Here the Letter of Determination Included
        the Claims Set Forth in EEOC's Complaint…………………………………    5

    C.    EEOC has Satisfied the Prerequisites for
        Bringing this ADEA Lawsuit ………………………………………………    6

    D.    EEOC Can Seek Relief for Individuals
        Affected by the Discriminatory
        Practices Who did not File Administrative
        Charges …………………………………………………………………    7

    E.    The Thirteenth Affirmative Defense
        Asserting Waiver, Estoppel, Laches, and
        Estoppel should be Stricken because it does
        not Relate to any Conduct of EEOC ………………………………………..    8

    F.    Most of the Fifteenth Affirmative Defense Should
        Be Stricken as Involving Immaterial, Impertinent
        and Scandalous Allegations ………………………………………………    10

    G.    Affirmative Defenses 16 through 18 should be Stricken Because
        Compensatory and Punitive Damages are Cognizable for Plaintiff's
        ADEA Retaliation Claim .................................................................................    11

CONCLUSION………………………………………………………………………...    14

## INTRODUCTION

This is an action brought in the public interest by Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq., and Title I of the Civil Rights Act of 1991, 42 U.S.C. 1981a, to correct unlawful employment practices on the basis of age, as well as retaliation, by Defendant Kelley Drye & Warren, LLP ("Kelley Drye" or the "Firm"). As set forth more fully in EEOC's Complaint, Kelley Drye subjected Charging Party, Eugene T. D'Ablemont ("D'Ablemont"), and a class of similarly situated employees to age discrimination by creating a compensation system whereby Mr. D'Ablemont and other attorneys who chose to work once they reached the age of 70 have been and continue to be significantly undercompensated for work they perform, solely on the basis of their age. Further, Kelley Drye retaliated against Mr. D'Ablemont by reducing his annual "bonus" payment because he complained internally about such discriminatory practices and filed a charge with the EEOC. EEOC seeks to make whole Mr. D'Ablemont and the class of similarly situated Kelley Drye employees affected by Kelley Drye's discriminatory practices. EEOC now moves under Federal Rule of Civil Procedure 12(f) to strike Kelley Drye's Fourth, Ninth, Tenth, Eleventh, Thirteenth, Fifteenth, Sixteenth, Seventeenth and Eighteenth Affirmative Defenses because they are legally insufficient or contain redundant, immaterial, impertinent, or scandalous matters.

Mr. D'Ablemont filed an age discrimination charge with EEOC on February 29, 2008. (Burstein Declaration, ¶2, Exh. A)[1]. After investigating the charge, EEOC issued its Letter of Determination finding reasonable cause to believe that Kelley Drye violated the ADEA by

---

[1] For motions to dismiss under Rule 12(b)(6), and therefore in motions under Rule 12(f) which are governed by the identical standards, FSP, Inc. v. Societe Generale, 2005 WL 475986 at *8 (S.D.N.Y. 2005), documents upon which a pleading relies or which are integral to the complaint can be considered by the Court. Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007). The accompanying Declaration is solely for the purpose of presenting documents referenced by the pleadings.

discriminating against D'Ablemont and other Kelley Drye attorneys who continued to practice law at the Firm after reaching 70 years of age (referred to in the Letter, pursuant to Kelley Drye's terminology, as "Life Partners") "by failing to fairly compensate them for their contributions to the firm when compared with younger Active Partners." (Burstein Declaration, ¶ 3, Exh. B., p.2). The Letter of Determination was issued on March 20, 2009, together with EEOC's conciliation proposal. (Id.). Only after conciliation efforts failed did EEOC file its Complaint in this action (Complaint, ¶ 6).

On April 5, 2010, Kelley Drye filed its Answer and 19 Affirmative Defenses. As set forth below, the following nine Affirmative Defenses have no basis as a matter of law[2] and should be stricken under Rule 12(f):

- <u>Fourth Affirmative Defense</u>: alleging that EEOC's action is barred because of the statute of limitations "and/or filing periods";

- <u>Ninth Affirmative Defense</u>: alleging that the Complaint contains claims not set forth in the administrative charge;

- <u>Tenth Affirmative Defense</u>: alleging that EEOC and Mr. D'Ablemont failed to satisfy "statutory and/or administrative prerequisites" to an ADEA action;

- <u>Eleventh Affirmative Defense</u>: alleging that EEOC cannot seek relief for individuals who did not file discrimination charges;

- <u>Thirteenth Affirmative Defense</u>: alleging that the action is barred because of alleged "waiver, estoppel, laches, and unclean hands" of Mr. D'Ablemont;

- <u>Fifteenth Affirmative Defense</u>; alleging that the action is barred because of alleged "objectionable behavior" of Mr. D'Ablemont; and

- <u>Sixteenth through Eighteenth Affirmative Defenses</u>: alleging that EEOC's claim for punitive and compensatory damages are not supported by statute, and even if so, this would be unconstitutional.

---

[2] The remaining Affirmative Defenses are also without merit, and EEOC reserves the right to move for partial summary judgment after factual discovery, or otherwise present evidence in opposition to those Affirmative Defenses at trial.

## ARGUMENT

**THE COURT SHOULD STRIKE DEFENDANT'S NINE AFFIRMATIVE DEFENSES THAT ARE INSUFFICIENT AS A MATTER OF LAW**

Federal Rule of Civil Procedure 12(f) provides that a party may make a motion to strike any defense within 21 days after service of a pleading to which no responsive pleading is permitted. Furthermore, "…the court may order stricken from any pleading, any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Id. Thus, "a defense should be struck when it is clearly 'irrelevant and frivolous and its removal from the case would avoid wasting time and money litigating the invalid defense.'" SEC v. Electronics Warehouse, Inc., 689 F.Supp 53, 73 (D. Conn. 1988) (citations omitted), aff'd 891 F.2d 457 (2d Cir. 1989), cert denied, 496 U.S. 942 (1990). The Court may grant a Rule 12(f) motion to strike an affirmative defense for legal insufficiency "if it appears to a certainty that the plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." William Z. Salcern, Panfeld, Edelman v. Envicon Equities Corp., 744 F. 2d 935, 938-939 (2d Cir. 1984), vacated on other grounds, 478 U.S. 1015 (1986). As shown below, the nine Affirmative Defenses of Kelley Drye that are the subject of this motion should be stricken as there are no questions of law or fact that would allow these defenses to succeed, as the defenses have no bearing on the subject matter of this litigation, and as EEOC would be prejudiced by expending its limited resources in dealing with discovery, post-discovery motions and trial of the irrelevant defenses.

### A.    There is no Statute of Limitations Bar to this Action

Kelley Drye's Fourth Affirmative Defense states that EEOC's claims are barred "by the applicable statutes of limitations and/or filing periods." This defense is without merit. A charge was timely filed with EEOC by Mr. D'Ablemont on February 29, 2008, alleging age discrimination by Kelley Drye regarding compensation and retaliation. (Burstein Decl., Exh. A). EEOC filed its ADEA

Complaint in January 2010, alleging that since at least 2001 and continuing through the present, Kelley

Drye has violated the ADEA by engaging age discrimination regarding compensation, and that Kelley

Drye retaliated against D'Ablemont for his complaints about such discriminatory practices.

(Complaint, ¶7a, b and c).

There simply is no statute of limitations or other unspecified "filing period" bar to this

Complaint. In 1991 Congress amended the ADEA via the Civil Rights Act of 1991, eliminating the

three-year statute of limitations in ADEA cases involving willful violations (and the two-year statute

for non-willful violations). Instead, private individuals must file suit no later than 90 days after

receiving a right-to-sue letter from EEOC. 29 U.S.C. §626(e). Because Congress eliminated the

previous statute of limitations and replaced it with a requirement applicable only to private individuals,

no statute of limitations now applies to EEOC lawsuits under the ADEA. EEOC v. Inc. Vill. Of Valley

Stream, 535 F.Supp. 2d 323, 326-327 (E.D.N.Y. 2008); EEOC v. Independent School District No. 834,

430 F.Supp.2d 901, 905-06 (D. Minn. 2006); EEOC v. Venator Group, Specialty Inc., 2002 WL

181709 at *1-2 (S.D.N.Y. 2002). Similarly, in Occidental Life Insurance Company of California v.

EEOC, 432 U.S. 355 (1977), the Supreme Court stated that the EEOC is not constrained by any statute

of limitation in bringing a suit under Title VII, finding that "neither §706(f) nor any other section of

[Title VII] explicitly requires the EEOC to conclude its conciliation efforts and bring an enforcement

suit within any maximum period of time." Id. at 361. As the EEOC is not bound by a statute of

limitations in this matter, the Fourth Affirmative Defense cannot be sustained.

Finally, the lack of merit of this Affirmative Defense is further seen in the ADEA amendment

to 29 U.S.C. §626(d)(3), part of the Lilly Ledbetter Fair Pay Act, PL111-2, Stat.5, which provides in

pertinent part that "an unlawful practice occurs, with respect to discrimination in compensation in

violation of [the ADEA], when a discriminatory compensation decision or other practice is adopted,

4

when a person is affected by application of a discriminatory compensation decision or other practice, <u>or when a person is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such decision or practice.</u>" (emphasis added).  In this case, EEOC alleges (without dispute by Kelley Drye) that the compensation system at issue for attorneys over 70 years of age was ongoing and continuous since "at least 2001" (Complaint, ¶7). Plainly, then, EEOC's ADEA Complaint and Mr. D'Ablemont's administrative charge were timely filed, mandating striking the Fourth Affirmative Defense.

> **B.    EEOC is not Limited to the Claims in the Administrative Charge, and Here the Letter of   Determination Included the Claims Set Forth in EEOC's Complaint**

The Ninth Affirmative Defense asserts that the Complaint is barred as to matters not contained in the administrative charge filed by  Mr. D'Ablemont. This defense is not only legally insufficient, it is frivolous. EEOC, charged by Congress to eradicate discrimination in the workplace, files lawsuits in the public interest even though it also seeks victim-specific relief; EEOC's right to sue is independent of any private individual's rights. <u>General Tel. Co. v. EEOC</u>, 446 U.S. 318, 326 (1980); <u>EEOC v. Hearst Corp., Seattle Post-Intelligence</u> Div., 553 F.2d 579, 580 (9th Cir. 1976) (per curiam). EEOC may sue based on "[a]ny violations that [it] ascertains in the course of a reasonable investigation…" <u>General Tel. Co. v. EEOC</u>,  <u>supra</u>, 446 U.S. at 331. The initial discrimination charge is simply a "starting point" or "jurisdictional springboard" for EEOC investigatory enforcement proceedings. <u>EEOC v. Astra, U.S.A., Inc</u>. 94 F.3d 738, 746 (1st Cir. 1996); <u>EEOC v. United Parcel Serv</u>., 94 F.3d 314, 318 (7th Cir. 1996); <u>EEOC v. Dial</u>, 156 F.Supp.2d 926, 935-36 (D. Ill. 2001). Indeed, the Supreme Court held in <u>Gilmer v. Interstate/Johnson Lane Corp.</u>, 500 U.S. 20, 28 (1991), that "the EEOC's role in combating age discrimination is not dependent on the filing of a charge; the agency may receive information concerning alleged violations of the ADEA from any source, and it has

independent authority to investigate age discrimination." So long as the defendant had notice prior to

suit of the claims asserted in the EEOC complaint--either through the EEOC Letter of Determination

or otherwise in the pre-litigation administrative process--EEOC is in no sense limited to suing solely

on the allegations in the original charge. See EEOC v. Thomas Dodge Corp.. 524 F.Supp.2d 227, 234-

238 (E.D.N.Y. 2007); EEOC v. Johnson & Higgins, Inc., 91 F.3d 1529, 1356-57 (2d Cir. 1996), cert.

den sub nom. Johnson & Higgins, Inc. v. EEOC, 522 U.S. 808 (1997).

Such notice plainly occurred in this matter. The Letter of Determination put Kelley Drye on

notice of the allegations in the EEOC Complaint. (Burstein Decl., Exh. B). Furthermore, the charge

filed by Mr. D'Ablemont and served on Defendant claimed  that the discriminatory compensation

practice violated the ADEA, the identical challenge that EEOC raises in this lawsuit, and also stated a

claim for retaliation. (Burstein Decl., Exh. A). Therefore, this Affirmative Defense should be stricken.

## C.    EEOC has Satisifed the Prerequisites for Bringing this ADEA Lawsuit

The Tenth Affirmative Defense states that EEOC and Mr. D'Ablemont failed "to satisfy the

statutory and/or administrative prerequisites" to an ADEA suit. This is also a frivolous and legally

insufficient defense. Mr. D'Ablemont filed a timely ADEA charge against Kelley Drye. (Burstein

Decl., ¶2, Exh. A). Kelley Drye submitted position statements and responses to EEOC's requests for

information. EEOC then issued a Letter of Determination outlining its determination and the basis for

the determination, and simultaneously started conciliation efforts[3] that were unsuccessful (Burstein

Decl., ¶3, Exh. B)[4]. Only thereafter did EEOC file suit in the public interest, as it is authorized to do.

---

[3] It is well settled that the role of the court in any review of EEOC's conciliation effort is only to "determine whether EEOC made an attempt at conciliation", not to review the "form and substance" of conciliation, which is "within the discretion of EEOC." EEOC v. Keco Indust., Inc., 748 F.2d 1097, 1102 (6th Cir. 1984).

[4] Unless requested by the court, EEOC is not attaching to the Burstein Declaration the conciliation proposal sent to Defendant with EEOC's March 20, 2009 Letter of Determination. The parties engaged

General Tel. Co. v. EEOC, supra, 446 U.S. at 327-332; EEOC v. Bd. of Regents of the Univ. of Wisc. Sys., 288 F.3d 296, 299-300 (7th Cir. 2002). These actions of EEOC more than comport with the prerequisites to suit set forth in the regulation governing EEOC enforcement of the ADEA, 29 C.F.R. §1626.15, which authorizes EEOC to investigate age discrimination claims and simply requires EEOC to find a "reasonable basis to conclude that an ADEA violation has occurred", 29 C.F.R. ¶ 1626.15(b), and then to attempt "informal conciliation," 29 C.F.R. ¶ 1626.15(d), before initiating litigation. EEOC has more than met these limited prerequisites to an ADEA lawsuit and the Tenth Affirmative Defense should be stricken.

### D.    EEOC Can Seek Relief for Individuals Affected by the Discriminatory Practices Who did not File Administrative Charges

The Eleventh Affirmative Defense states that EEOC cannot seek recovery for individuals who did not file administrative charges with the Commission. This Affirmative Defense is wholly without merit. EEOC has the independent power to investigate and litigate claims of age discrimination even when the affected individuals have not filed a charge with the Commission. In Gilmer v. Interstate Johnson Lane Corp. , supra, 500 U.S. at 28, the Supreme Court stated:

> the EEOC's role in combating age discrimination is not dependent on the filing of a charge; the agency may receive information concerning alleged violations of the ADEA "from any source," and it has independent authority to investigate age discrimination.

See also EEOC v. Waffle House, 534 U.S. 279, 291 (2002) ("EEOC is the master of its own case" and can bring an action in the public interest even absent consent of a victim of a discriminatory practice); EEOC v. Bd. of Regents of the Univ. of Wis. Sys., 288 F3d 296, 299-300 (7th Cir. 2002) (even though individual victim of age discrimination barred from bringing ADEA action against defendant, EEOC had such authority); EEOC v. Franks Nursery and Crafts, Inc., 177 F.3d 448, 456-467 (6th Cir. 1999)

---

in extensive negotiations before EEOC filed suit, including mediation with JAMS. These settlement negotiations took place over close to a nine month period.

(same); EEOC v. Commonwealth of Puerto Rico, 2007 U.S.Dist. LEXIS 23275 at *16 (D.P.R. 2007) ("The EEOC has a duty to investigate ADEA violations and enforce its provisions independently of individual charges of discrimination").

Notably, in a case directly analogous legally and factually to this matter, as it involved a law firm discriminating based on age in compensation and other terms of employment against older attorneys, EEOC v. Sidley Austin LLP, 437 F. 3d 695 (7th Cir. 2006), the Seventh Circuit held that EEOC could recover damage for attorneys who never filed charges with the Commission. Further, the Second Circuit squarely held in EEOC v. Johnson & Higgins, Inc., supra, that EEOC can seek relief for victims of age discrimination not only who failed to file a charge with the agency but also who never complained in any fashion about the challenged discriminatory policy. Id., 91 F. 3d at 1536-1537.

For these reasons, the Eleventh Affirmative Defense is plainly without legal basis, and should be stricken as a matter of law.

**E.    The Thirteenth Affirmative Defense Asserting Waiver, Estoppel, Laches, and Estoppel should be Stricken because it does not Relate to any Conduct of EEOC**

The Thirteenth Affirmative Defense asserts that EEOC's action is barred due to "waiver, estoppel, laches and unclean hands." However, the stated bases for these defenses pertain to alleged actions (or inactions) solely of Mr. D'Ablemont, the charging party, and not the plaintiff in this litigation, EEOC. Because "the EEOC is not merely a proxy for the victims of discrimination," EEOC v. Waffle House, supra, 534 U.S. at 288, and "does not stand in the employee's shoes," id., at 297, the equitable defenses asserted in the Thirteenth Affirmative Defense concerning Mr. D'Ablemont's conduct can in no sense serve to bar EEOC's action brought in the public interest.

Moreover, an individualized examination of these four defenses further demonstrates why they should be stricken. First, as to waiver, EEOC v. Waffle House, supra, squarely stands for the principle

that an individual employee's waiver of his/her right to sue under a federal anti-discrimination statute does not bar EEOC from bringing an action seeking victim-specific relief. Further, the ADEA itself, as amended by the Older Workers Benefit Protection Act of 1990, prohibits ADEA waivers absent a "knowing and voluntary" waiver by the employee that includes multiple prerequisites Kelly Drye does not attempt to allege here (such as a written waiver specifically referring to ADEA rights). 29 U.S.C. §626 (f)(1). Indeed, this section of the ADEA expressly provides that an individual employee's purported waiver of ADEA rights does not affect EEOC's ability to enforce the ADEA or the employee's right to file a charge with the Commission. 29 U.S.C. §626(f)(4).

Estoppel, the second component of this Affirmative Defense, similarly is without legal basis. Courts have repeatedly held that in a suit brought by EEOC, the defense of estoppel based on actions of the charging party cannot be applied against EEOC, even when EEOC is seeking victim-specific relief. See EEOC v. Autozone, 2009 WL 464574 at *3-*4 (C.D. Ill. 2009); EEOC v. Tobacco Superstores, Inc., 2008 WL 2328330 at *6-*8 (E.D. Ark. 2008); EEOC v. Digital Connections, 2006 WL 2792219 at *3 (M.D. Tenn. 2006); EEOC v. Apria Healthcare Group, Inc., 222 F.R.D. 608, 612-613 (E.D.Mo. 2004).

Laches, the third equitable defense, also plainly fails as a mater of law. Any allegation contained in this Affirmative Defense that at all could constitute a basis for laches refers to Mr. D'Ablemont's conduct; and even if there were laches allegations against the EEOC--which there are not--this affirmative defense cannot be asserted against an arm of the Federal Government like the EEOC, particularly where EEOC filed this action soon after exhausting conciliation and joint efforts to negotiate a settlement. Costello v. United States, 365 U.S. 265, 281 (1961); United States v. Angell, 292 F.3d 333, 338 (2nd Cir. 2002). Laches is an improper defense here, where a charge was filed with EEOC by Mr. D'Ablemont on February 29, 2008, EEOC issued its Letter of Determination on March

9

20, 2009, EEOC then engaged in prolonged conciliation and mediation efforts with Kelly Drye, and filed suit January 28, 2010. (Burstein Decl., ¶2-3). This hardly constitutes "inordinate delay".

"Unclean hands", the fourth and final component to this Affirmative Defense, also is without any basis in law. As with the other equitable defenses, any allegation in the Thirteenth Affirmative Defense that could at all relate to the "unclean hands" doctrine has no relationship to any actions of EEOC. And even if "unclean hands" were alleged against EEOC--which it is not--it could not succeed. In EEOC v. Recruit USA, Inc., 939 F.2d 746, 753-55 (9th Cir.1991), the Ninth Circuit ruled that denying a district court's grant of an injunction in favor of EEOC on the basis of EEOC's alleged unclean hands "would disserve the public interest in eliminating age, sex and race discrimination in employment and would punish the innocent victims of discrimination for the errors of the EEOC." Id., 939 F.2d at 754. See also EEOC v. Hibbing Taconite Co., 2009 W.L. 5610134 at *8-*9 (D. Minn. 2009) (rejecting affirmative defense of unclean hands brought against EEOC in ADA case).

For these reasons, Kelley Drye's Thirteenth Affirmative Defense, alleging waiver, estoppel, laches and unclean hands, should be stricken because the defenses set forth therein all fail as a matter of law.

### F.    Most of the Fifteenth Affirmative Defense Should Be Stricken as Involving Immaterial, Impertinent and Scandalous Allegations

Rule 12(f) authorizes the striking of any "immaterial, impertinent, or scandalous matter." The bulk of the Fifteenth Affirmative Defense, with the two limited exceptions of Subsection c (pertaining to Mr. D'Ablemont's alleged limited billings as a basis for the compensation decisions at issue) and Subsection h (pertaining to the Firm's "level of business" as a basis for the compensation decisions), list purported misdeeds of Mr. D'Ablemont that occurred at unspecified times during his 50 year tenure with Kelley Drye. This detailing of purported bad acts by Mr. D'Ablemont constitutes quintessential "immaterial, impertinent, or scandalous" allegations that Rule 12(f) intends to be

removed from pleadings. These allegations of purported misconduct (e.g. accusing him of improperly obtaining free legal services for himself and family and engaging in unspecified "objectionable behavior inconsistent" with the Firm's expectations) are "immaterial" and irrelevant to this case, which concerns discrimination in compensation based on age. Instead, this litany of spurious allegations in a publicly filed pleading in well-publicized litigation, clearly intended to disparage Mr. D'Ablemont in the public eye, falls under the bar in Rule 12(f) against improper "scandalous" allegations, i.e. those "that unnecessarily reflect[] on the moral character of an individual…" Pigford v. Veneman, 225 F.R.D. 54, 58 (D.D.C. 2005). See also Talbot v. Robert Matthews Distributing Co., 961 F.2d 654, 664-665 (7th Cir. 1992) ("Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice"); Global View Ltd. Venture Capital v. Great Central Basin Exploration, LLC., 288 F.Supp.2d 473, 481 (S.D.N.Y. 2003) (reference in pleading to individual as "unscrupulous" stricken under Rule 12(f)); Bangkok Crafts Corp. v. Capitolo Di San Pietro, 2007 WL 1687044 at *3 (S.D.N.Y. 2006) (reference in pleading to principals' "improper" relationship stricken under Rule 12(f)); G-1 Holdings v. Baron & Budd, 238 F.Supp.2d 521, 554 (S.D.N.Y. 2002) (immaterial and scandalous allegations in pleading, that served to harm a principal of a party "in the public eye", stricken under Rule 12(f)). For these reasons, with the exception of Subsections (c) and (h), the Fifteenth Affirmative Defense should be stricken as involving "immaterial, impertinent or scandalous" allegations in violation of Rule 12(f).

### G.    Affirmative Defenses 16 through 18 should be Stricken Because Compensatory and Punitive Damages are Cognizable for Plaintiff's ADEA Retaliation Claim,

Affirmative Defenses 16 and 18 state that the ADEA neither permits the recovery of punitive damages nor other non-pecuniary damages (i.e. compensatory damages) that are sought in the

Complaint.[5] However, compensatory and punitive damages are permitted for EEOC's retaliation claim. (Complaint, ¶7(c)). The ADEA, at 29 U.S.C.§626(b), incorporates remedies set forth in the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"). The FLSA was amended in 1977 to strengthen that statute's anti-retaliation provisions, providing that an employer that violates the anti-retaliation provision "shall be liable for such legal…relief as may be appropriate." 29 U.S.C. §216(b). In Tavis v. Gary Comm. Mental Health Center, Inc., 921 F.2d 108, 112 (7th Cir. 1990), the Seventh Circuit construed this FLSA amendment as authorizing the award of compensatory and punitive damages in FLSA retaliation cases, and in the subsequent case of Moskowitz v. Trustees of Purdue Univ., 15 F.3d 279, 283-284 (7th Cir. 1991), the Seventh Circuit held that punitive and compensatory damages could be recovered for ADEA retaliation claims (but did not impose them in that case). Similarly, in Soto v. Adams Elevator, 941 F.2d 543, 551 (7th Cir. 1991), the Seventh Circuit held that compensatory and punitive damages can be recovered for retaliation in a case under the Equal Pay Act, a statute that, identical to the ADEA, incorporates the FLSA's remedies.

Although there is a split in the Circuit Courts of Appeal that have addressed this issue[6], the Southern District of New York, examining the split, has found that compensatory and punitive damages are available in FLSA retaliation cases. Sines v. Service Corp. Intern., 2006 WL 3247663 (S.D.N.Y. 2006). Therefore, because of the incorporation of FLSA remedies into the ADEA, EEOC's claims for punitive and compensatory damages on the retaliation claim in this matter are valid,

---

[5] The Sixteenth Affirmative Defense also asserts that Defendant's conduct "did not rise to the level of culpability that would justify an award" of punitive damages. EEOC does not argue that this portion of the Sixteenth Affirmative Defense must be stricken as a matter of law.

[6] The Ninth Circuit has found that the Seventh Circuit's construction of the FLSA amendment on retaliation as encompassing punitive and compensatory damages to be "persuasive", Lambert v. Ackerly, 180 F.3d 997, 1011 (9th Cir. 1999). On the other hand, the Eleventh Circuit has construed the 1977 amendment to the FLSA not to permit such relief. Snapp v. Unlimited Concepts, Inc., 208 F.3d 928 (11th Cir. 2000).

warranting dismissal of the Sixteenth and Eighteenth Affirmative Defenses insofar as they assert that EEOC cannot obtain such relief.

Finally, the Seventeenth Affirmative Defense asserts that EEOC's claim for punitive damages, even if authorized by the anti-retaliation provision of the ADEA, is unconstitutional. There is no basis for this defense. The Supreme Court has made it clear that punitive damages can be imposed in employment discrimination cases even without proof of "egregious" discrimination. Kolstad v. American Dental Ass'n., 527 U.S. 526 (1999). The Second Circuit has allowed for punitive damages in employment discrimination cases even where there otherwise are only nominal or no compensatory damages, Cush-Crawford v. Adchem Corp., 271 F.3d 352, 359 (2d Cir. 2005). While the Supreme Court has recognized possible constitutional challenges to the quantum of punitive damages awarded at trial if they are "grossly excessive", BMW of North America v. Gore, 517 U.S. 559, 568 (1996), this is an assessment that is only made subsequent to an award at trial and in no sense supports the premature Eighteenth Affirmative Defense. Therefore, this Affirmative Defense is without any legal basis and should be stricken.

## CONCLUSION

Plaintiff EEOC respectfully requests that this Court issue an Order under Fed. R. Civ. P. 12(f) striking Defendant's Fourth, Ninth, Tenth, Eleventh, Thirteenth, Fifteenth, Sixteenth, Seventeenth and Eighteenth Affirmative Defenses. Each of these defenses is legally insufficient or contains redundant, immaterial, impertinent, or scandalous matters.

Dated: May 3, 2010
      Newark, New Jersey

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION


_____/s/_____
Jeffrey Burstein
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
One Newark Center, 21st Floor
Newark, NJ 07102-5233
Telephone No.: 973-645-2267
Facsimile No.:  973-645-4524
Email: jeffrey.burstein@eeoc.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, May 3, 2010, I electronically filed the forgoing Memorandum of Law in Support of EEOC's Motion to Strike Affirmative Defenses with the CM/ECF system which will send an electronic copy of this document to:

Bettina B. Plevan, Esq.
Proskauer Rose, LLP
1585 Broadway
New York, N.Y. 10036

Joseph C. O'Keefe, Esq.
Proskauer Rose, LLP
One Newark Center
Newark, N.J. 07102

Attorneys for Defendant Kelley Drye & Warren, LLP

_____/s/_____

Jeffrey Burstein
Senior Trial Attorney, EEOC