USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/10/12

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

          **Plaintiff,**

       **v.**

KELLEY DRYE & WARREN, LLP

         **Defendant.**

-------------------------------------------------------------x

:
:
:
:
:
:
:
:
:
:
:
:

**Civil Action No. 10-CV-0655 (LTS)(MHD)**

### CONSENT DECREE

This action was initiated on January 28, 2010 by Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), an agency of the United States Government, alleging that Defendant Kelley Drye & Warren, LLP ("Kelley Drye" or "the Firm") violated the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA"), by discriminating against Eugene T. D'Ablemont, Esq. ("D'Ablemont") and similarly situated attorneys who worked at Kelley Drye by implementing and maintaining an age-based system whereby partners age 70 and older who continued to engage in the active practice of law at the Firm were required to (1) relinquish all of their interest in the Firm, (2) relinquish their authority to manage or significantly influence the Firm's operations, and (3) be compensated for their work solely through payment of a discretionary annual "bonus" that resulted in ongoing discriminatorily low compensation paid to D'Ablemont and similarly situated

attorneys.  EEOC further alleged that Kelley Drye engaged in retaliation against D'Ablemont when it decreased his compensation following his filing of a charge of discrimination with the Commission.

Kelley Drye has denied and continues to deny all of the allegations of discrimination and retaliation asserted by D'Ablemont and/or the EEOC in this action and/or that Kelley Drye engaged in any wrongdoing or illegal activity; and that any of its Partners and/or Life Partners are, or were, "employees" as the term "employee" is used in the ADEA and other federal and state anti-discrimination laws.

EEOC and Kelley Drye ("the parties") have engaged in settlement negotiations and have agreed that this action should be resolved by entry of this Consent Decree, and therefore do hereby stipulate and consent to the entry of this Consent Decree as final and binding between the parties, including Kelley Drye's successors, assigns, subsidiaries, and any other entity into which Kelley Drye may merge or consolidate.  The parties have agreed that this Decree may be entered into without findings of fact and conclusions of law having been made and entered by the Court.

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, and the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

## GENERAL PROVISIONS

1.     This Decree resolves all issues in EEOC's Complaint in this case, and all issues raised in EEOC Charge Number 520-2008-02342, on behalf of Eugene D'Ablemont or any other Life Partner of Kelley Drye. EEOC Charge Number 520-2008-02342 served as the jurisdictional prerequisite in this case.  This Decree does not resolve any charge of discrimination currently pending before EEOC, or any charge that may be filed in the future, other than the charge listed above.  EEOC reserves all rights to proceed regarding matters not covered in this Decree.

Page 2

2.      Kelley Drye agrees that prior to executing an agreement with another law firm, corporation or partnership to merge, consolidate, or otherwise combine Kelley Drye and such law firm, corporation or partnership, Kelley Drye will provide the entity entering into such agreement with notice of this lawsuit and a copy of this Consent Decree.

3.      The Court has jurisdiction of the subject matter of this action and over the parties, venue is proper, and all administrative prerequisites have been met.

4.      Kelley Drye will not contest the jurisdiction of the United States District Court of the Southern District of New York to enforce this Decree and its terms, or the right of the EEOC to bring an enforcement suit upon the breach of any of the terms of this Decree.

## REVISED KELLEY DRYE PARTNERSHIP AGREEMENT

5.      EEOC filed its Complaint on January 28, 2010. In February and March 2010, Kelley Drye amended its Partnership Agreement to eliminate the provisions challenged by EEOC that had required that a partner relinquish his/her equity interest in the Firm and enter Life Partner status at the age of 70 ("the Amendments"). The EEOC has reviewed the Amendments and is satisfied that the Amendments are consistent with the purposes of the ADEA.

## INJUNCTION AGAINST AGE DISCRIMINATION AND RETALIATION

6.      Kelley Drye and its managers, officers, agents, successors, and assigns are permanently enjoined from the following:

A.      Involuntary termination, expulsion, retirement, reduction of the compensation of, or other adverse changes to an individual's status with the Firm because of age;

B.      Maintaining any formal or informal compensation policy or practice that provides for compensation for attorneys at the Firm being involuntarily reduced based on their age;

Page 3

C.      Maintaining any formal or informal policy or practice requiring involuntary retirement of a partner or requiring relinquishment of an attorney's partnership status as a condition of continued employment once the partner has reached a certain age;

D.      Requiring attorneys to involuntarily cease their service on any committee of the Firm or on any practice group of the Firm because of age;

E.      Taking any action, or maintaining any policy or practice, with the purpose of retaliating against D'Ablemont or any other person because the person has made any formal or informal complaint about, or has taken any action to oppose, any of the conduct alleged by EEOC in this case to violate the ADEA, or any conduct that is prohibited by this Decree.

## DISTRIBUTION OF DECREE AND NOTICE

7.      Within 15 days of the entry of this Decree, Kelley Drye will provide a copy of the Decree, with attachments, to each partner. With respect to any individual who becomes a partner during the term of the Decree, Kelley Drye shall provide a copy of the Decree within 15 days of that individual becoming a partner.

8.      Kelley Drye will continue to conspicuously display and maintain in its offices, in all places where employee notices are posted, the EEOC poster, as required by federal law, outlining all applicable EEO laws.

## TRAINING

9.      Kelley Drye will conduct a two (2) hour training session for all partners on the requirements of the ADEA, as well as on Title VII of the Civil Rights Act, the Equal Pay Act, the Americans with Disabilities Act, and the Genetic Information Nondiscrimination Act of 2009. For all members of the Firm's Executive Committee, there will be an additional one (1) hour training session on federal laws prohibiting discrimination in employment, with a special emphasis on the ADEA. The

training will also stress that employees will not be retaliated against for opposing discriminatory conduct or engaging in protected activity. The training will be subject to the following requirements:

A.      The training will be completed within six (6) months of the entry of the Decree.

B.      The training will be conducted by Proskauer Rose LLP or another firm approved by EEOC.  At least 30 days prior to the training program, Kelley Drye will submit to EEOC a copy of the agenda and training materials to be used.

C.      Kelley Drye will maintain attendance records identifying the name of the attendees at each session.  Within ten (10) days of each training session, Kelley Drye will provide to EEOC for its review a copy of the attendance records from the training session.

D.      A videotape of this training will also be provided to each attorney who is made a partner with Kelley Drye subsequent to the entry of this Decree within thirty (30) days of his/her being named a partner.

## MONETARY RELIEF

10.      Kelley Drye will pay D'Ablemont a sum of $124,000.00 as D'Ablemont's 2012 compensation for his services performed at Kelley Drye in the year 2011.  This payment is due in full within 30 days from the entry of this Decree.

11.      Additionally, Kelley Drye will pay D'Ablemont a sum of $450,000 for back pay for the period January 1, 2001 to December 31, 2010. The first payment of the two payments of this sum, in the amount of $225,000, is due within 30 days from the entry of this Decree. The remaining payment of $225,000, plus 1% interest per annum calculated from the date of entry of this Decree, will be due on January 7, 2013. Should D'Ablemont die before all payments have been made to him, the balance then owing will be payable to D'Ablemont's estate within the time frame set forth in this paragraph.

## FUTURE COMPENSATION

12.      Beginning with payment in 2013 for his services performed at Kelley Drye in the calendar year 2012, Kelley Drye will pay to D'Ablemont an amount equal to 12% of the fees collected in the immediately preceding year for client matters designated in the separate Settlement Agreement and Mutual General Releases ("Settlement Agreement") entered into between D'Ablemont and Kelley Drye, with the exception of certain matters so designated in the Settlement Agreement for which a different calculation will apply.

13.      D'Ablemont may continue to receive direct payments from clients that are so designated in the Settlement Agreement.

14.      D'Ablemont will continue to retain his current status quo as a Life Partner who continues to practice at the Firm, including the right to continue to receive office space, secretarial and other support services, and the right to continue to receive his Annual Life Partner Payments, paid monthly as now.

15.      Nothing contained herein is intended to, or shall, alter any obligations Kelley Drye may have under any preexisting individual agreement with certain present Life Partners of the Firm.

## ADDITIONAL MONITORING PROVISIONS

16.      Kelley Drye will maintain records of all written or oral complaints or allegations of age discrimination or retaliation by any of its employees made to Human Resources, a member of the Executive Committee or a Practice Group Head.  Within six (6) months of the entry of this Decree, and every six (6) months thereafter, Kelley Drye will provide EEOC with a written report containing a summary of each complaint, and for each such complaint: the name of the complaining party who was allegedly subjected to discrimination or retaliation, the name of the person(s) who allegedly engaged in

such discriminatory or retaliatory conduct, the results of any investigation of the allegation, and any remedial action taken by Kelley Drye. A final report will be sent to EEOC 30 days before the date of the expiration of this Decree.

17.    EEOC may monitor Defendant's compliance with the terms of this Decree until its expiration through, inter alia, the inspection of records, and interviews with witnesses, with advance notice to Kelley Drye.

18.    All materials required by this Decree to be sent to EEOC shall be addressed to Jeffrey Burstein, Senior Trial Attorney, EEOC, Newark Area Office, 1 Newark Center, 21st Floor, Newark, New Jersey 07102.

### EFFECTIVE DATE AND DURATION OF DECREE

19.    The Effective Date of this Decree shall be the date the Court enters its Final Approval. This Decree will remain in effect for three (3) years from the date of entry. The Decree will not expire while any enforcement action concerning the Decree is pending. With the exception of Paragraph 6, and except as provided in the preceding sentence, all provisions of this decree will expire three (3) years from the date of entry.

### RETENTION OF JURISDICTION

20.    The Court retains jurisdiction over this action during the duration of the Decree. The matter may be administratively closed but will not be dismissed during the duration of the Decree. Within 30 days after the date set for the expiration of the Decree, the parties will submit a stipulation of dismissal to the Court or a notice that the Decree has not expired because an enforcement action is pending.

21.    In the event that either Party to this Consent Decree believes that the other Party has failed to comply with any provision(s) of the Consent Decree or the Settlement Agreement, the

complaining Party shall notify the other Party, in writing, of the alleged non-compliance within 5

business days of the alleged non-compliance and shall afford the alleged non-complying Party 5

business days to remedy the non-compliance or to satisfy the complaining Party that the alleged non-

complying Party has complied.  If the alleged non-complying Party has not remedied the alleged non-

compliance within 5 business days, the complaining Party may apply to the Court for appropriate

relief.  This paragraph will not apply to EEOC in the event that it determines that providing such notice

concerning the alleged non-compliance will negatively affect the public interest.

**SO ORDERED, ADJUDGED AND DECREED this** _10 th_ day of

_April_          , **2012.**

_____

**Honorable Michael H. Dolinger, U.S.M.J.**

**APPROVED IN FORM AND CONTENT:**

**FOR PLAINTIFF:**                    **EQUAL EMPLOYMENT OPPORTUNITY
                                      COMMISSION**

Dated: _3|28|12_

ELIZABETH GROSSMAN
Regional Attorney

Page 8

_Raechel Adams by EY_

RAECHEL ADAMS
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street
New York, NY  10004
(212) 336-3705
raechel.adams@eeoc.gov

_Jeffrey Burstein_

JEFFREY BURSTEIN
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1 Newark Center, 21st Floor
Newark, NJ 07102
(973) 645-2267
jeffrey.burstein@eeoc.gov

**FOR DEFENDANT**:                    **Proskauer Rose, LLP**

Dated: _4/3/12_

_Bettina B. Plevan_

Bettina B. Plevan
Proskauer Rose LLP
Eleven Times Square,
New York, New York 10036-8299
Phone: 212.969.3000
Fax: 212.969.2900
bplevan@proskauer.com
*Attorneys for Defendant*

Page 9